# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                          No. CR 05-2059 JB

VICTOR MANUEL PEREZ-MARES,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum and Defendant's Objections, filed December 20, 2005 (Doc.15)("Sentencing Memorandum"). The Court held a sentencing hearing on December 21, 2005. The primary issues are whether the Court should: (i) overrule or sustain Defendant Victor Manuel Perez-Mares' objection to the description of his March 18, 1996 criminal conviction for possession of a controlled substance in paragraph 20 of the Presentence Investigative Report ("PSR") that the United States Probation Office ("USPO") prepared in this matter; and (ii) accept the parties' rule 11(c)(1)(C) plea agreement. The Court will overrule Perez-Mares' objection, but will accept the plea agreement, and the judgment and sentence will be consistent with the plea agreement.

## PROCEDURAL BACKGROUND

Perez-Mares has been incarcerated since June 5, 2005. See Sentencing Memorandum at 2; PSR at 1. As of January 1, 2006, Perez-Mares will have served 209 days of confinement. See Sentencing Memorandum at 2. The United States and Perez-Mares have entered into a rule 11(c)(1)(C) plea agreement that stipulates, under the United States Attorney's Early Disposition

Program, that Perez-Mares' base offense level be reduced two levels from twenty-one to nineteen.

Paragraph 20 of the PSR describes Perez-Mares' March 18, 1996 adult criminal conviction for possession of a controlled substance – cocaine – in Milwaukee County Circuit Court, Milwaukee, Wisconsin, Case No. 96CF1490.  On May 3, 1996, Perez-Mares pled guilty and received ten days at the House of Correction, time served, and a $330.50 fine or twenty hours of community service. Under U.S.S.G. § 4A1.2(c), the USPO assigned one criminal history point to this conviction.

The USPO states that Perez-Mares was represented by counsel during the Wisconsin proceedings.  See PSR ¶ 20, at 7.  The PSR states that Perez-Mares used the name Hector Santos and July 27, 1972 as his date of birth; therefore, the State of Wisconsin convicted him as an adult. See id.  On December 16, 1996, the charge was amended from possession of a controlled substance (cocaine) to a misdemeanor possession of a controlled substance (cocaine).  See id.; State v. Santos, No. F961490 (Milwaukee Country, Wis. Mar. 18, 1996).

Perez-Mares appears before the Court for sentencing upon his plea for Re-entry of a Deported Alien Previously Convicted of an Aggravated Felony in violation of 8 U.S.C. § 1326(a)(1) and (2) and 8 U.S.C. § 1326(b)(2).  See Information, filed October 4, 2005 (Doc. 9).  Perez-Mares submits his sentencing memorandum, which objects to paragraph 20 of the PSR and urges the Court to accept the rule 11(c)(1)(C) plea agreement.  See Sentencing Memorandum at 1.

## ANALYSIS

At the December 21, 2005 sentencing hearing, Perez-Mares' counsel indicated that the USPO had provided Perez-Mares with documentation supporting the contents of paragraph 20 of the PSR, that he had reviewed the documentation with Perez-Mares, and that he believed that the PSR, including paragraph 20, was correct.  See Transcript of Hearing at 3:15-17 (taken December 21,

2005)("Transcript").[1]  Accordingly, Perez-Mares withdrew his objection to paragraph 20 at the December 21, 2005 sentencing hearing.  See id. at 3:18.

The United States has offered, and Perez-Mares has accepted, what Perez-Mares describes as an "enormously generous plea offer to an 11(c)(1)(C) level of 19."  Sentencing Memorandum at 1.  Without the plea offer, Perez-Mares' base offense level would have been twenty-one, and combined with his criminal history category of IV, would have resulted in an advisory Guideline sentence range of fifty-seven to seventy-one months.  Perez-Mares asks the Court to accept the plea agreement and sentence him to a period of forty-six months, the low end of the advisory sentence range for a defendant with an offense level of nineteen and a criminal history category of IV.

The Court agrees that a sentence of forty-six months is a fair, just, and reasonable sentence. The United States Attorney General has approved of the United States Attorney for the District of New Mexico's fast-track program, and this plea agreement, which reduces the offense level by two in accordance with that program, meets the conditions that Congress has set for such programs. Because Congress has approved of such programs, because the sentence fully reflects the factors of 18 U.S.C. § 3553(a), because the sentence is reasonable, and because the sentence is sufficient without being greater than is necessary to fulfill the purposes of punishment set forth in the Sentencing Reform Act, the Court will accept the plea agreement.

**IT IS ORDERED** that the Defendant's Objection is dismissed as moot.  The Defendant is committed to the custody of the Bureau of Prisons for a term of forty-six months.  The Defendant shall pay a special assessment of $100.00 which is due immediately.  The Defendant is placed on

---

[1]The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

supervised release for a term of two years.  Said term shall be unsupervised with the special condition that the Defendant must not reenter the United States without legal authorization.  The Court recommends that the Immigration and Naturalization Service begin removal proceedings during the Defendant's service of this sentence, and that, upon his release, he be deported immediately.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David C. Iglesias
   United States Attorney
William Pflugrath
   Assistant United States Attorney
Albuquerque, New Mexico

*Attorney for the Plaintiff*

Jim Baiamonte
Albuquerque, New Mexico

*Attorney for the Defendant*